UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OSCAR HALEY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO. 1:13-cv-00061-CAP-JCF |
| v. ) | |
| ) | **JURY TRIAL REQUESTED** |
| GRIFFIN INDUSTRIES LLC, ) | |
| ) | |
| Defendant. ) | |

## **SECOND AMENDED COMPLAINT**

Pursuant to Rule 15(a)(2) (Other Amendments), Plaintiff Oscar Haley ("Mr. Haley" or "Plaintiff") respectfully files this Second Amended Complaint against Defendant Griffin Industries LLC ("Griffin Industries"), with Defendant's written consent.

## **Introduction**

1. Plaintiff Oscar Haley was employed as a truck driver by Griffin Industries from June 2008 until January 7, 2010, when he was terminated while he was on FMLA leave. At the time, he was suffering from a disability within the meaning of the Americans with Disabilities Act.

## Jurisdiction and Venue

2. Mr. Haley's claims present federal questions over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. § 2000e-5(F)(1), (3).

3. This Court is an appropriate venue for all of Mr. Haley's claims under 28 U.S.C. § 1391(b) because Defendant Griffin Industries conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

## Administrative Proceedings

4. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") encompassing the discriminatory conduct that is the subject of this Amended Complaint.

5. Plaintiff has received a Notice of Right to Sue from the EEOC within 90 days of filing this Amended Complaint, and he has fulfilled all administrative prerequisites to the prosecution of his claims in this Court.

## The Parties

6. Plaintiff Oscar Haley is a citizen of the State of Georgia and a resident of Clayton County, Georgia. He submits himself to the jurisdiction of this Court.

7. Mr. Haley is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601.

8. Specifically, at the time Mr. Haley requested FMLA leave, he had been employed with Griffin Industries for more than 12 months and worked more than 1,250 hours in the 12 months preceding his serious health condition.

9. Defendant Griffin Industries is a corporation organized and existing under the laws of Kentucky and doing business within the state of Georgia.

10. Defendant Griffin Industries is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*.

11. Defendant Griffin Industries had more than 50 employees within a 75 mile radius of the location in which Mr. Haley was employed in each of 20 or more consecutive calendar weeks in the current or preceding year within the meaning of 29 U.S.C. § 2601 *et seq*.

12. Defendant Griffin Industries may be served with process by delivering a copy of the Amended Complaint and summons to its registered agent, Corporation Process Company, 2180 Satellite Boulevard, Suite 400, Duluth, Georgia 30097.

## The Facts

13. Mr. Haley began his employment with Griffin Industries as a truck driver in June 2008.

14. From the outset of and throughout his employment with Defendant, Haley was discriminated against based on his race.

15. For instance, throughout his employment, Defendant treated black drivers less favorably than their Caucasian counterparts. This differential treatment included giving black drivers less desirable and lower paying jobs while the higher paying and better jobs were reserved for Caucasian drivers.

16. Additionally, a Caucasian truck driver working in the same department as Mr. Haley who was also on FMLA leave was not terminated or accused of resigning, but rather was allowed to accrue enough time as an employee that he could retire from employment with Defendant and receive full benefits.

17. On July 14, 2009, Mr. Haley was injured in an automobile collision while driving for Defendant.

18. As a result, Mr. Haley suffered from a number of medical issues, including neck, shoulder, upper arm, elbow, and forearm injuries.

19. Mr. Haley's medical issues constitute disabilities within the meaning of the ADAAA.

20. On July 16, 2009, Mr. Haley was placed on light duty, with instructions that he lift no more than 20 pounds, cease driving, and other physical restrictions.

21. However, Mr. Haley was given duties at work which were beyond his physician's orders and designed to force Mr. Haley to resign from his employment with Defendant.

22. After his injury, Mr. Haley was continually harassed and his job performance was questioned.

23. For instance, in August 2009, Defendant assigned Mr. Haley to do an outside painting job. Mr. Haley told Defendant that he could not do the painting job due to his disability.

24. Mr. Haley's supervisor told Mr. Haley that he thought he was too good for painting, and then assigned Mr. Haley the job of taking inventory in the shop, where it was over 100 degrees that day.

25. Also in August 2009, Mr. Haley was assigned to work in the guard gate, at which time his general manager approached the guard gate and accused him of sleeping on the job, which was untrue.

26. Subsequently, on August 18, 2009, Mr. Haley was improperly released to return to work with no restrictions, although he was still disabled and informed Defendant of that fact.

27. Defendant continued to assign Mr. Haley jobs that he was unable to accomplish as a result of his disability, or jobs that it was aware that he was not trained to do, including inventory on shop equipment.

28. As a result, on November 11, 2009, Mr. Haley submitted FMLA paperwork and began FMLA leave.

29. On January 7, 2010, Mr. Haley's manager called him and told him to come in to work, despite his FMLA leave status.

30. Mr. Haley reminded his manager of this fact, and informed him that he had a doctor's appointment that day.

31. However, later that day, Mr. Haley received word from his workers' compensation attorney that he had received a letter falsely stating that Mr. Haley resigned his position.

32. A co-worker of Mr. Haley's in the same department, Glen Smith, who was a Caucasian truck driver, suffered from a disability and went out on FMLA leave but was not terminated or accused of resigning from his position.

33. Further, the Caucasian co-worker was allowed to stay on medical leave after his FMLA leave expired long enough accrue enough time as an employee of Defendant that he was able to retire and receive full benefits.

34. Griffin Industries discriminated against, retaliated against, and terminated Mr. Haley because of his FMLA leave and because of his disability and race.

## COUNT I
### Interference with FMLA Leave

35. Mr. Haley incorporates by reference all of the preceding paragraphs of the Amended Complaint as if fully restated herein.

36. Mr. Haley was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11), 29 C.F.R. § 825.114.

37. By ordering Mr. Haley to return to work, and refusing to allow Mr. Haley to take medical leave, and terminating Mr. Haley instead of allowing him to take medical leave, Griffin Industries prevented Mr. Haley from exercising the rights provided to him under the FMLA.

38. Griffin Industries' actions in interfering with Mr. Haley's rights under the FMLA were committed with intentional and willful disregard for his right to

take up to 12 work weeks of leave for a serious health condition, his right to job restoration, and violated the FMLA, 29 U.S.C. § 2615(a)(1).

39. The effect of Griffin Industries' actions has been to deprive Mr. Haley of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due him because of his exercise of his rights under the FMLA.

40. As a result, Mr. Haley is entitled to both equitable and monetary relief for Griffin Industries' violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

41. Mr. Haley is also entitled to liquidated damages for Griffin Industries' violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because Griffin Industries' actions in terminating his employment were willful violations of the FMLA.

## COUNT II
### Retaliation for Exercise of FMLA Rights

42. Mr. Haley incorporates by reference all of the preceding paragraphs of the Amended Complaint as if fully restated herein.

8

43. Mr. Haley was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11), 29 C.F.R. § 825.114.

44. By terminating Mr. Haley, Griffin Industries retaliated against Mr. Haley for exercising his right to take medical leave for a serious health condition as provided by the FMLA.

45. Griffin Industries' actions in retaliating against Mr. Haley for exercising his rights under the FMLA were committed with intentional disregard for his right to be free from discriminatory treatment for exercising his rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

46. The effect of Griffin Industries' actions has been to deprive Mr. Haley of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due him because of his exercise of his rights under the FMLA.

47. As a result, Mr. Haley is entitled to both equitable and monetary relief for Griffin Industries' violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

48. Mr. Haley is also entitled to liquidated damages for Griffin Industries' violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because Griffin Industries' actions in terminating his employment were willful violations of the FMLA.

## COUNT III
### Violation of ADAAA - Actual Disability and Record of Disability

49. Mr. Haley incorporates by reference all of the preceding paragraphs of the Amended Complaint as if fully restated herein.

50. At all times relevant hereto, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

51. At all times relevant hereto, Mr. Haley was an individual with a disability and had a record of disability as defined under the Americans with Disabilities Act, 42 U.S.C. § 12101 (1)(A).

52. At all times relevant hereto, Mr. Haley has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of the job with or without an accommodation.

53. Mr. Haley notified Defendant of his impairments.

54. Defendant was also aware of Mr. Haley's impairments because of his request for and use of light duty and medical leave as an accommodation for his disability.

55. Defendant terminated Mr. Haley because of his actual impairments in favor of non-impaired, non-disabled persons.

56. Defendant's actions amount to a violation of Section 102 of the ADAAA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

57. As a direct and proximate result of Defendant's intentional discrimination, Mr. Haley has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

58. Defendant's actions have caused and continue to cause Mr. Haley to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

59. Mr. Haley is entitled to be reinstated to employment by Defendant and, if reinstatement is not feasible, Mr. Haley is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT IV
### Race Discrimination - 42 U.S.C. § 1981

60. Mr. Haley incorporates by reference all of the preceding paragraphs of the Amended Complaint as if fully restated herein.

61. At all times material to this Amended Complaint, Mr. Haley and Defendant were parties to employment agreements under which Plaintiff provided services to Defendant, and Defendant was required to, among other things, compensate Mr. Haley for his services.

62. Mr. Haley performed his employment related obligations.

63. Mr. Haley is African American.

64. Defendant discriminated against Mr. Haley during his employment and terminated Mr. Haley based on his race.

65. For instance, throughout his employment, Defendant treated black drivers less favorably than their Caucasian counterparts. This differential treatment included giving black drivers less desirable and lower paying jobs while the higher paying and better jobs were reserved for Caucasian drivers.

66. Additionally, a Caucasian truck driver working in the same department as Mr. Haley who was also on FMLA leave was not terminated or accused of resigning, but rather was allowed to accrue enough time as an employee that he could retire from employment with Defendant and receive full benefits.

67. The conduct of Defendant in discriminating against Mr. Haley and terminating Mr. Haley on the basis of his race, while not discriminating against Caucasian employees or terminating a Caucasian employee because of his medical leave, violates Mr. Haley's rights.

68. Defendant discriminated against Mr. Haley in the terms and conditions of his employment and terminated him on the basis of his race in violation of 42 U.S.C. § 1981.

69. Defendant's above-pled discriminatory conduct toward Mr. Haley constitutes unlawful race discrimination against Mr. Haley's rights, in violation of 42 U.S.C. § 1981.

70. Defendant willfully and wantonly disregarded Mr. Haley's rights, and defendant's discrimination and retaliation against Mr. Haley was undertaken in bad faith.

71. As a result of Defendant's unlawful actions, Mr. Haley has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

## COUNT V
### Race Discrimination - Title VII of the Civil Rights Act of 1964

72. Mr. Haley incorporates by reference all of the preceding paragraphs of the Amended Complaint as if fully restated herein.

73.	Mr. Haley is African American.

74.	Throughout his employment, Defendant treated black drivers less favorably than their Caucasian counterparts. This differential treatment included giving black drivers less desirable and lower paying jobs while the higher paying and better jobs were reserved for Caucasian drivers.

75.	Additionally, a Caucasian truck driver working in the same department as Mr. Haley who was also on FMLA leave was not terminated or accused of resigning, but rather was allowed to accrue enough time as an employee that he could retire from employment with Defendant and receive full benefits.

76.	Defendant's above-pled discriminatory conduct toward Mr. Haley constitutes race discrimination and termination in violation of Title VII.

77.	Defendant acted with malice or with reckless indifference to the federally protected rights of Mr. Haley.

78.	As a result of Defendant's unlawful actions, Mr. Haley has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

79.	Mr. Haley is entitled to an award of back pay and benefits, compensatory damages, attorneys' fees, and all other appropriate damages,

remedies, and other relief under Title VII and all federal statutes providing remedies for violations of Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

    a.    a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured under the FMLA, ADAAA, Section 1981, and/or Title VII;

    b.    a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with it, from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of the exercise of their rights under the FMLA, ADAAA, Section 1981, and/or Title VII or because of their participation in this lawsuit;

    c.    judgment in Plaintiff's favor and against Defendant under all Counts of this Complaint;

    d.    full back pay, taking into account all raises to which Mr. Haley would have been entitled but for the unlawful discrimination and retaliation, all fringe and

pension benefits of employment Mr. Haley would have been entitled to but for the unlawful discrimination and retaliation, with prejudgment interest thereon;

  e. compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Mr. Haley's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

  f. economic damages sufficient to compensate Mr. Haley for the benefits (including, but not limited to pension, bonuses, raises, vacation time, paid time off, and the like) that he lost as a result of Defendant's discriminatory and retaliatory actions;

  g. liquidated damages under the FMLA for Defendant's willful violation of the FMLA;

  h. punitive damages for Defendant's willful and intentional violations of the ADAAA and Section 1981;

  i. reasonable attorneys' fees and costs; and

  j. all other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Respectfully submitted, this 29th day of March, 2013.

           BUCKLEY & KLEIN, LLP

      By: /s/ Edward D. Buckley
         Georgia Bar No. 092750
         edbuckley@buckleyklein.com
         Jaime L. Duguay
         Georgia Bar No. 829447
         jlduguay@buckleyklein.com

Promenade II, Suite 900
1230 Peachtree Street NE
Atlanta, GA  30309
Telephone:  404-781-1100
Facsimile:   404-781-1101

Attorneys for Plaintiff

17

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2013, I electronically filed **Plaintiff's Second Amended Complaint** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Robert W. Capobianco
Adriana Midence Scott

                              BUCKLEY & KLEIN, LLP

                  By:   /s/ Edward D. Buckley
                              Georgia Bar No. 092750
                              Counsel for Plaintiff